31 So.2d 94

**COCHRAN v. STATE.**

**7 Div. 875.**

Court of Appeals of Alabama.

April 8, 1947.

Rehearing Denied April 29, 1947.

See also, 31 Ala.App. 604, 20 So.2d 535. Certiorari denied by Supreme Court in 249 Ala. 291, 31 So.2d 95.

Roberts, Cunningham & Hawkins, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The proceedings in the trial below of this case, appear regular in every respect. The transcript is voluminous, and pending the trial innumerable exceptions were reserved to the rulings of the court.

The count of the indictment upon which the defendant was tried, omitting formal parts, reads as follows:

"The Grand Jury of said county charges that before the finding of this Indictment Claudus Cochran, Jr., alias Sonny Cochran, whose name to the Grand Jury is otherwise unknown than as stated, feloniously took and carried away eighty-five One Dollar bills, one Ten Dollar bill, one Five Dollar bill, all of said bills being paper money of the lawful currency of the United States of America, twenty dollars in nickels, two dollars in dimes, and four dollars in quarters, being the money of the United States of America, and totaling One Hundred Twenty-six Dollars, the personal property of Mrs. Bela Waits, from her person and against her will, by violence to her person, or by putting her in such fear as unwillingly to part with the same, a further and better description of said property being to the Grand Jury unknown, contrary to law."

The trial resulted in the conviction of the defendant, and by its verdict, the jury fixed his punishment at imprisonment in the penitentiary for a period of ten years. In accordance with said verdict judgment of conviction was duly pronounced and entered, from which this appeal was taken.

The corpus delicti was fully proven without dispute or conflict. In this connection, Mrs. Bela Waits, the alleged injured party, and her husband, both testified that on the night of October 23, 1944, she, Mrs. Waits, closed her restaurant or cafe in Gadsden at or around eleven P.M. and at that time she had her money in her purse to carry home with her, the amount of the money was about $126.00, consisting of 85 one dollar bills, one ten dollar bill, one five dollar bill,

122

and about 26 dollars in change, all lawful money of the United States of America. When she left her place of business to go home, her husband was with her. After driving home in East Gadsden (some two or three blocks from the restaurant), and after putting the car in the garage, Mr. and Mrs. Waits were accosted by a man who stepped from behind the shrubbery in front of their dwelling. The man had a pistol and told them to "stick 'em up" or "throw 'em up" and asked which one had the money. He wore a hat and some sort of handkerchief or mask covering that portion of his face from below his eyes to his mouth. Mr. and Mrs. Waits described his dress.

The man took the money at the point of a gun and fled around a dry cleaning establishment next door to the Waits' home. The appellant was positively identified by Mr. and Mrs. Waits in a police line up about a week later after appellant had been brought back from Florida.

There were numerous other facts and circumstances, in the evidence, tending strongly to show that defendant was the identical person who committed the undisputed crime as charged in the indictment.

The defense was an alibi, and in this connection the defendant offered in evidence several written showings of absent witnesses, and also testified that he was at another and different place in Gadsden at the time Mrs. Waits was robbed.

■ This conflict in the evidence presented a jury question, which the jury decided adversely to the defendant. We are clear to the opinion that the evidence was fully ample to sustain the verdict of the jury, and to support the judgment of conviction pronounced and entered.

As stated above, there were innumerable exceptions reserved to the court's rulings pending the trial. In the consideration here, of this appeal, this court has examined, and carefully considered, each and every one of these exceptions and as a result we are clear to the opinion that no ruling of the trial court complained of is affected with prejudicial error. We are also clear to the opinion that it affirmatively appears the defendant was accorded a fair and impartial trial such as the law contemplates and provides. We think it would be difficult to conceive of how any trial of a person accused of the commission of any crime who could have been given a more fair and impartial trial than was accorded to this appellant in the court below.

The exceptions to the court's rulings referred to, present no new, novel or intricate questions of law; all of them relate to simple and elementary principles, which have been many times discussed and decided by the appellate courts of this State. To indulge in dealing with these innumerable insistences would entail undue and unnecessary effort and prolong this opinion which is not deemed essential or necessary, nor in our opinion would it serve any good purpose.

In thus declaring, we have no inclination or desire to prescribe or abridge the full right of appellant in presenting his petition for writ of certiorari, if such action should be contemplated. From what has been said, his every insistence here presented, could properly be incorporated in his petition for writ of certiorari to the Supreme Court.

■ There appearing no error in any of the rulings of the court calculated to injuriously affect the substantial rights of the appellant; and, the record of the proceeding of the trial in the court below being regular in all respects, it follows that the judgment of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.